UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BETTY J. ELLIS,

*Plaintiff-Appellant,*

v.

STATE OF NORTH CAROLINA,
Department of Health & Human
Services, Facility Services,

*Defendant-Appellee,*

and

FRANCES ALEXANDER, in her official
capacity; DORETHEA DIX; H. DAVID
BRUTON, Dr., Secretary; DAWN
DAVIES, Nurse Manager & in her
individual capacity; CONNIE
LEVISTER, Director & Chief
Administrator, Health & Human
Services,

*Defendants.*

No. 02-1428

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-01-699-4-BO(2))

Submitted: October 29, 2002

Decided: November 18, 2002

Before LUTTIG, MOTZ, and KING, Circuit Judges.

———————————————————————

Vacated and remanded by unpublished per curiam opinion.

**COUNSEL**

Alfreda Williamson, LAW OFFICE OF ALFREDA WILLIAMSON, P.A., Raleigh, North Carolina, for Appellant. Roy Cooper, North Carolina Attorney General, Dorothy Powers, Assistant Attorney General, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Betty Ellis appeals from the district court's order dismissing her civil action alleging employment discrimination under Title VII of the Civil Rights Act of 1964, as amended. On appeal Ellis raises one issue: whether the district court improperly found that the State Defendants were protected from her Title VII suit by the Eleventh Amendment.

As noted by the district court, the Eleventh Amendment does bar private suits against unconsenting states unless Congress validly abrogates a state's Eleventh Amendment immunity. *Alden v. Maine*, 527 U.S. 706, 755-57 (1999). However, the Supreme Court has held that in enacting Title VII, Congress properly abrogated the states' Eleventh Amendment immunity for such suits. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 456-57 (1976) (holding that Title VII of the Civil Rights Act of 1964 abrogates the states' Eleventh Amendment immunity); *see also Alden*, 527 U.S. at 756 (relying on *Fitzpatrick*). Thus, the district court erred by granting the Defendants' motion to dismiss on this ground. Accordingly, we vacate and remand this case to the district court to conduct proceedings consistent with this opinion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*